UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DIANA L. BICKHAM,<br><br>              Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>              Defendant. | )<br>) No. CV-09-5039-JPH<br>)<br>) ORDER GRANTING PLAINTIFF'S<br>) MOTION FOR SUMMARY JUDGMENT<br>) AND REMANDING FOR FURTHER<br>) PROCEEDINGS<br>)<br>) (Ct. Rec. 15)<br>)<br>) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on August 13, 2010 (Ct. Rec. 15, 17). Attorney Thomas A. Bothwell represents plaintiff; Special Assistant United States Attorney Benjamin Groebner represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge (Ct. Rec. 6). On July 26, 2010, plaintiff filed a reply (Ct. Rec. 19). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** plaintiff's motion for summary judgment (**Ct. Rec. 15**) and **REVERSES AND REMANDS** pursuant to sentence four of 42 U.S.C. **§** 405(g) for further proceedings. The court **DENIES** defendant's motion for summary judgment (**Ct. Rec. 17**).

### JURISDICTION

Plaintiff protectively applied for supplemental security

income (SSI) on August 26, 2002, alleging disability since January 1, 2000, due to insulin dependent diabetes mellitus with peripheral neuropathy, hepatitis C, degenerative arthritis, hypertension, sleep apnea, obesity, anxiety and depression (Tr. 365-366; Tr. 125-127 - October 2006 application). Her applications were denied initially and on reconsideration.

Administrative Law Judge (ALJ) James P. Berry held a hearing March 8, 2004 (Tr. 939-964). On June 16, 2004, He issued an unfavorable decision (Tr. 92-96). The Appeals Council ordered a remand consolidating plaintiff's applications and directing the ALJ to enter a new decision based on all the evidence (Tr. 16, referring to remand order at 101-103).

After remand the ALJ held hearings August 22, 2007, November 28, 2007, and March 5, 2008 (Tr. 967-987, 990-999, 1002-1021). Plaintiff, represented by counsel, medical expert Harold Mills, M.D., and vocational experts testified. On March 25, 2008, the ALJ issued an unfavorable decision (Tr. 16-27). On April 6, 2009, the Appeals Council denied review (Tr. 8-10). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on June 8, 2009 (Ct. Rec. 2, 4).

### STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, the briefs of both parties, and are summarized here.

Ms. Bickham was 42 years old when she applied for benefits

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                              - 2 -

(Tr. 26). She has a seventh grade education and has worked in a deli as a sandwich maker (Tr. 134, 139, 993-994). Plaintiff lives with her daughter. She testified she watches television, washes dishes, and dusts, but two to three days a week she is in bed most of the day (Tr. 26). Ms. Bickham can walk a half block, stand 15 minutes with a cane, and sit 30 minutes (Tr. 25). She testified at the August 2007 hearing she had been depressed for two years (Tr. 26).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                              - 3 -

is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                    - 4 -

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                    - 5 -

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At step one the ALJ found plaintiff did not engage in substantial gainful activity after onset on January 1, 2000 (Tr. 18). At steps two and three, ALJ Berry found plaintiff suffers

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                           - 6 -

from insulin dependent diabetes mellitus, hypertension, and sleep apnea, impairments that are severe but which do not alone or combination meet or medically equal a Listed impairment (Tr. 18, 20). He found plaintiff less than completely credible (Tr. 19-20). At step four, relying on the VE, the ALJ found plaintiff cannot perform her past work (Tr. 26). At step five, again relying on the VE, he found she could perform other jobs such as charge account clerk, microfilming document preparer, and ticket checker (Tr. 26-27, 1018). Because the ALJ found plaintiff could perform other work, she is not disabled as defined by the Social Security Act (Tr. 27).

**ISSUES**

Plaintiff alleges the ALJ erred when he weighed the evidence of psychological and physical impairment, the lay witness statements by Ms. Bickham's daughter, assessed credibility, and determined plaintiff's RFC (Ct. Rec. 16 at 11-21). The Commissioner answers the Court should affirm the decision because it is supported by the evidence and free of harmful error (Ct. Rec. 18 at 3-4).

The second issue is determinative. ALJ erred by rejecting lay witness evidence without comment. The error is harmful and therefore dispositive.

**DISCUSSION**

**A. Lay witness evidence**

Plaintiff alleges the ALJ failed to properly weigh statements given by a lay witness (Ct. Rec. 16 at 18). Ms. Bickham's daughter, Jeannie Ramos, also known as Jeannie Lang, submitted

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                              - 7 -

reports dated December 2 and December 20, 2006 (Tr. 149-164). The Commissioner admits the ALJ failed to discuss this evidence.

In determining disability an ALJ must consider lay witness testimony concerning a claimant's ability to work. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009). If an ALJ disregards lay witness testimony he must provide reasons "that are germane to each witness." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ's reasons must be specific. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006).

When Ms. Ramos made her statements she lived with plaintiff. She states Ms. Bickham remains in bed all day; her activities are limited to sleeping, showering, and eating (Tr. 149); she suffers mood swings and an anger problem; has bad knees, and can only walk from a half block to two blocks (Tr. 149, 154, 162).

The Commissioner asserts because the objective evidence does not support a severe knee impairment, any error by the ALJ in failing to address Ms. Ramos's opinion is harmless because it would not change the result. The argument is flawed in at least two respects.

First, Ms. Ramos describes limitations other than knee pain and lack of mobility. She refers to mental symptoms, including "bad mood changes," an anger problem, paranoia, and plaintiff hearing voices. Ms. Ramos indicates plaintiff talks to herself (Tr. 152, 154-156). The lack of supporting evidence of a severe knee impairment is inapposite to the described mental limitations.

Similarly, Ms. Ramos describes other physical limitations which, if true, reflect incapacitating limitations. As noted, Ms.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                    - 8 -

Ramos indicates plaintiff's daily activities are limited to showering, eating and sleeping (Tr. 149), but Ms. Ramos states at times plaintiff is apparently able to shop in stores, pay bills, and use public transportation (Tr. 152, 160). Ms. Ramos states her mother is "off balance," unable to stand for long periods, and falls a lot (Tr. 156). Ms. Ramos indicates plaintiff is "hardly" able to read and "can't read or write"; suffers incontinence (of inconsistently described frequency); drops food, needs help showering, and wakes hourly. Ms. Ramos cares for plaintiff (Tr. 154, 156-158, 164).

The ALJ's error is not harmless because if the lay witness's description of plaintiff's functioning is accepted as true, it would support finding plaintiff disabled.

Second, the Commissioner errs because the ALJ in this case disregarded the lay testimony without comment. The court is left to guess why he may have rejected the opinion. In determining whether a claimant is disabled, an ALJ *must* consider lay witness testimony concerning a claimant's ability to work. *Bruce v. Astrue,* 557 F.3d 1113, 1115 (9th Cir. 2009); *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). Such testimony is competent evidence and "*cannot* be disregarded without comment." If an ALJ disregards the testimony of a lay witness, he must provide specific and germane reasons. *Bruce*, 557 F.3d at 1115, citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *Stout*, 454 F. 3d at 1054 (emphasized in *Bruce*).

The ALJ erred by disregarding the lay witness's statements without comment. Regardless of whether they are interested

parties, "friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [his or] her condition." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009), citing *Dodrill v. Shalala*, 12 F.3d 915, 918-919 (9th Cir. 2009).

The ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony. *Bruce*, 557 F.3d at 1115, citing *Stout*, 454 F.3d at 1054.

Plaintiff is correct. The ALJ erred by disregarding Ms. Ramos's statements without comment. And the error is harmful. Because this issue is dispositive the court grants plaintiff's motion and orders the ALJ to consider the following on remand.

**B. Step two**

Plaintiff alleges the ALJ should have found her mental impairments and resulting limitations severe at step two.

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

An impairment or combination of impairments may be found "not

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                              - 10 -

severe only if the evidence established a slight abnormality that
has no more than a minimal effect on an individual's ability to
work." *Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir.
2005)(citing *Smolen v. Chater*, 433 F.3d 1273, 1290 (9th Cir.
1996); see also *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir.
1988). If an adjudicator is unable to determine clearly the effect
of an impairment or combination of impairments on the individual's
ability to do basic work activities, the sequential evaluation
should not end with the not severe evaluation step. S.S.R. 85-28
(1985). Step two, then, is "a de minimus screening device [used]
to dispose of groundless claims," *Smolen*, 80 F.3d at 1290, and an
ALJ may find that a claimant lacks a medically severe impairment
or combination of impairments only when his conclusion is "clearly
established by the medical evidence." S.S.R. 85-28. The question
on review is whether the ALJ had substantial evidence to find that
the medial evidence clearly established that the claimant did not
have a medically severe impairment or combination of impairments.
*Webb*, 433 F.3d at 687; see also *Yuckert*, 841 F.2d at 306.

   The evidence of mental impairment plaintiff points to
includes the January 2007 opinion of examining psychologist Greg
Hirokawa, Ph.D., and an unnamed (presumably) consultative
professional (Ct. Rec. 16 at 12-23; Tr. 313-315, 320-325). At
times it appears Boyd Johnson, M.D., treated plaintiff for anxiety
and depression.

   On remand the ALJ should utilize the services of a testifying
psychologist to clarify whether plaintiff suffers from a severe
mental impairment as defined by the Act. As the ALJ acknowledges,

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                          - 11 -

when Dr. Mills testified he did not address depression and anxiety (Tr. 19). Examining psychologist Dr. Hirokawa diagnosed depressive disorder NOS, personality disorder NOS, and rule out low-average intellectual functioning. He opined plaintiff's mental health limitations are mild in every category, except she is mildly to moderately limited in the ability to interact with coworkers (Tr. 324-325). On remand the ALJ should discuss the assessed limitation and if necessary obtain further testing on the rule out diagnosis.

    *1. Substance abuse (DAA)*

    Dr. Hirokawa notes plaintiff has been arrested for DUI. She has never received treatment for substance abuse despite drinking and occasionally using valium and speed from 1979 until 1984 (Tr. 320-322). The ALJ observes plaintiff "did not report her recent problems with prescription painkillers" to Dr. Hirokawa (Tr. 19). Treating source Dr. Johnson indicates plaintiff has used methadone daily at times (*see e.g.*, Tr. 181-195)(March-July 2007). In addition to past references to IV drug use leading to hepatitis C, there are several more recent references to DAA and drug seeking behavior. The ALJ notes in March 2004 [about four years after onset], Dr. Johnson diagnosed opiate dependence because plaintiff used narcotics for many years. During the summer of 2004, Ms. Bickham admitted "using oxycontin off the street" (Tr. 21-22). In June 2006, she lost a vicodin prescription two days after it was written (Tr. 23, Exhibit 23F/24). In July 2006, Dr. Johnson questioned whether she was abusing prescription medication (Tr. 23, Exhibit 23F/19).

    On remand, the ALJ will consider at step two whether

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                    - 12 -

substance abuse is a severe impairment. If the ALJ determines plaintiff is disabled and substance abuse is a severe impairment, he will perform the additional five step sequential evaluation to determine if substance abuse materially contributes to the disability determination.

*2. Additional physical impairments*

At step two the ALJ found plaintiff suffers from the severe impairments of diabetes, hypertension and sleep apnea. He found asthma, COPD, hepatitis C, and substance abuse non-severe.

The ALJ erred at step two by relying on the testifying expert's definition of a severe impairment as "potentially life-threatening"(Tr. 19). On remand the ALJ will consider at step two whether plaintiff suffers from any other medically severe physical impairment or combination of impairments by relying on C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); *Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005); *Smolen v. Chater*, 80 F.3d 1273, 1298 (9th Cir. 1996); *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1998), and S.S.R. 85-28.

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S. 389, 400 (1971). A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

The court wishes to make clear it expresses no opinion as to what the ultimate outcome on remand will or should be. The

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                    - 13 -

1  Commissioner is free to give whatever weight to the additional
2  evidence he deems appropriate. *Sample v. Schweiker*, 694 F.2d 639,
3  642 (9ᵗʰ Cir 1982)("[Q]uestions of credibility and resolution of
4  conflicts in the testimony are functions solely of the
5  Secretary.")

6                              **CONCLUSION**

7       Having reviewed the record and the ALJ's conclusions, this
8  Court finds the ALJ's decision contains harmful legal error
9  requiring remand for additional proceedings. .

10      **IT IS ORDERED:**

11      1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 9)** is
12 **GRANTED.** The decision is **REVERSED and REMANDED pursuant to**
13 **sentence four** for further administrative proceedings.

14      2. Defendant's Motion for Summary Judgment **(Ct. Rec. 11)** is
15 **DENIED.**

16      The District Court Executive is directed to file this Order,
17 provide copies to counsel for Plaintiff and Defendant, enter
18 judgment in favor of Plaintiff, and **CLOSE** this file.

19      DATED this 27th day of August, 2010.

20

21                          s/ James P. Hutton

22                      JAMES P. HUTTON
                    UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28 ORDER GRANTING PLAINTIFF'S
   MOTION FOR SUMMARY JUDGMENT
   AND REVERSING AND REMANDING
   FOR FURTHER PROCEEDINGS                        - 14 -